JACOB LEHNING

*v.*

MICHAEL HEWETT.

1. SLANDER — *occupation of plaintiff — when immaterial.* In an action for slander, to which the defendant pleaded the general issue only, and the charge was, that the defendant had falsely stated the plaintiff had set his house on fire in order to get the insurance, the occupation of the plaintiff has nothing to do with the issue raised under the pleadings.

2. EVIDENCE — *general report.* And in such case it is not admissible for the defendant to prove, under the general issue, that after the burning of the house, and before the speaking of the words charged, the plaintiff was generally suspected of having fired his house.

3. FORMER DECISIONS. The case of *Young* v. *Bennett,* 4 Scam. 47, referred to.

Appeal from the Circuit Court of Alexander county; the Hon. William H. Green, Judge, presiding.

The opinion states the case sufficiently.

Messrs. O'Melveny & Houck, and Mr. D. W. Munn, for the appellant.

Messrs. Mulkey, Wall & Wheeler, for the appellee.

Mr. Justice Lawrence delivered the opinion of the Court:

This was an action for slander, to which the defendant pleaded the general issue only. On the trial, the court gave the jury this instruction: "The court instructs the jury that what business the plaintiff follows, whether he gambles or keeps a gambling house, has nothing to do with the issue in this case, under the pleadings as they now stand." The giving of this instruction is assigned as error. The instruction, as worded, is certainly unobjectionable. The only issue raised by the plea was whether the defendant had really spoken the words charged, and with this issue, as stated in the instruction, the occupation of the defendant had clearly nothing to do.

It is further urged that the court erred in not permitting the defendant's counsel to ask a witness whether, after the burning of the house, and before the speaking of the words, the plaintiff was generally suspected of setting his house on fire. The slander charged in the declaration was that the defendant had falsely stated the plaintiff had set his house on fire in order to get the insurance. That a similar question was inadmissible was held by this court in *Spring* v. *Bennett,* 4 Scam. 47. It is suggested that this question is so framed as to exclude the hypothesis that the supposed suspicion in the community was created by the slander for which the suit was brought, and therefore that it cannot be said the defendant was seeking to protect himself against the consequences of his slander by putting in evidence a report created by that very slander. Yet

the report may have been caused by similar words spoken by him at some time prior to the speaking which the plaintiff happened to be able to prove. To permit this question, even in the form adopted in the present case, would open a dangerous means of securing impunity in assailing character.

*Judgment affirmed.*